**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:11-CV-429-RJC-DCK**

| | |
|---|---|
| KIM NAROG and JOHN DOE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, BANK OF AMERICA ) | |
| HOME LOAN SERVICING LP, ) | |
| LASALLE BANK NATIONAL ) | |
| ASSOCIATION, CHICAGO TITLE ) | |
| INSURANCE COMPANY, DAVID T. ) | |
| SIMPSON TRUSTEE, MIDLAND ) | |
| LOAN SERVICE INC. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Chicago Title Insurance Company's "Rule 12(b)(6) Motion To Dismiss" (Document No. 8) and Defendants Bank of America, N.A., BAC Home Loans Servicing, LP, and LaSalle Bank N.A.'s "Motion To Strike And Motion To Dismiss" (Document No. 12). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will respectfully recommend that the motions be granted.

*Pro se* Plaintiffs Kim Narog and John Doe ("Plaintiffs") filed their "Complaint" (Document No. 1) in this action on September 2, 2011. On September 22, 2011, Plaintiffs filed a "Complaint Amendment" (Document No. 3), which was allowed by the Court on September 27, 2011, pursuant to Fed.R.Civ.P. 15(a)(1). (Document No. 4). Both the Complaint and the request to amend the Complaint identify Plaintiffs' contact address as 1518G Union Road, Gastonia, NC 28054.

(Document No. 1, p.37;  Document No. 3, p.1).

On November 1, 2011, Defendant Chicago Title Insurance Company's "Rule 12(b)(6) Motion To Dismiss" (Document No. 8) was filed with the Court. The undersigned issued a "Roseboro Notice" in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), on November 2, 2011, advising Plaintiffs of their right to respond to the motion to dismiss and warning them that failure to respond would likely result in the pending motion being granted. (Document No. 10). Plaintiffs have failed to file a response, or a request for additional time to respond, and the time to do so has lapsed.

On November 2, 2011, Defendants Bank of America, N.A., BAC Home Loans Servicing, LP, and LaSalle Bank N.A.'s "Motion To Strike And Motion To Dismiss" (Document No. 12) was filed with the Court. After the time had lapsed for Plaintiffs to respond to both pending motions to dismiss (Document Nos. 8 and 12), the undersigned issued a second "Roseboro Notice" and *sua sponte* allowed Plaintiffs additional time, through December 12, 2011, to respond to the pending motions to dismiss. (Document No. 17). The undersigned's most recent "Order" instructed Plaintiffs to respond to the motions and further warned that failure to do so might lead to the complete dismissal of this lawsuit. Id.

To date, Plaintiffs have failed to comply with the Court's Orders;  moreover, Plaintiffs have apparently failed to participate in this lawsuit and/or keep the Court updated on appropriate contact information since September 22, 2011.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant Chicago Title Insurance Company's "Rule 12(b)(6) Motion To Dismiss" (Document No. 8) and Defendants Bank of America, N.A., BAC Home Loans Servicing, LP, and LaSalle Bank

N.A.'s "Motion To Strike And Motion To Dismiss" (Document No. 12) be **GRANTED**.

The undersigned further recommends that this action be **DISMISSED** in its entirety, pursuant to Fed.R.Civ.P. 41(b), based on Plaintiffs' failure to prosecute and to comply with a court order.

### TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiffs, Defendants' counsel and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: December 13, 2011

David C. Keesler
United States Magistrate Judge