UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CV-429-RJC-DCK

| | |
|---|---|
| KIM NAROG and JOHN DOE, ) ) Plaintiffs, ) ) v. ) ) FEDERAL NATIONAL MORTGAGE ) ASSOCIATION, BANK OF AMERICA ) HOME LOAN SERVICING LP, ) LASALLE BANK NATIONAL ) ASSOCIATION, CHICAGO TITLE ) INSURANCE COMPANY, DAVID T. ) SIMPSON TRUSTEE, MIDLAND ) LOAN SERVICE INC. ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant Chicago Title Insurance Company's Rule 12(b)(6) Motion To Dismiss, (Doc. No. 8), Defendants Federal National Mortgage Association, Bank of America, N.A., BAC Home Loans Servicing, LP, and LaSalle Bank N.A.'s Motion To Strike And Motion To Dismiss, (Doc. No. 12), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 18). The Court has considered the motions and related briefs, and the matter is ripe for determination.

**I.     BACKGROUND**

On September 2, 2011, pro se Plaintiffs Kim Narog and John Doe ("Plaintiffs") filed their Complaint, (Doc. No. 1), alleging, inter alia, negligence, fraud, wrongful foreclosure, breach of contract and unjust enrichment. On September 22, 2011, Plaintiffs filed an Amended Complaint, seeking to add David T. Simpson, Midland Loan Service Inc. and Carroll Management Group as defendants, (Doc. No. 3). Such amendment was allowed on September

27, 2011 pursuant to Federal Rule of Civil Procedure 15(a)(1). (Doc. No. 4).

On November 1, 2011, Defendant Chicago Title Insurance Company ("CTIC") filed a Rule 12(b)(6) Motion To Dismiss. (Doc. No. 8). The Magistrate Judge issued a "Roseboro Notice" in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on November 2, 2011, advising Plaintiffs of their right to respond to the motion to dismiss and warning them that failure to respond would likely result in the pending motion being granted. (Doc. No. 10). Plaintiffs failed to file a response, or a request for additional time to respond, and the time to do so has lapsed.

On November 2, 2011, Defendants Federal National Mortgage Association, Bank of America, N.A., BAC Home Loans Servicing, LP, and LaSalle Bank N.A. filed a Motion To Strike And Motion To Dismiss, (Doc. No. 12). After the time had lapsed for Plaintiffs to respond to both pending motions to dismiss, (Doc. Nos. 8; 12), the Magistrate Judge issued a second "Roseboro Notice" on December 1, 2011 and sua sponte allowed Plaintiffs additional time, through December 12, 2011, to respond to the pending motions to dismiss. (Doc. No. 17). In his December 1, 2011 Order, the Magistrate Judge instructed Plaintiffs to respond to the motions and further warned that failure to do so might lead to the complete dismissal of this lawsuit. Id. To date, Plaintiffs have failed to respond. Moreover, Plaintiffs have apparently failed to participate in this lawsuit and/or keep the Court updated with appropriate contact information since September 22, 2011.

The Magistrate Judge issued an M&R on December 13, 2011, recommending that this Court grant the pending motions to dismiss, (Doc. Nos. 8; 12). Plaintiffs did not object to the M&R and the time for filing objections has now expired.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

**III.   DISCUSSION**

    A.    <u>Chicago Title Insurance Company's Rule 12(b)(6) Motion To Dismiss</u>

In its Rule 12(b)(6) Motion To Dismiss, (Doc. No. 8), CTIC argues that Plaintiffs' Amended Complaint fails to provide factual support for the allegations listed therein, and fails to state which causes of action apply to which Defendant. CTIC notes that the allegations in the Amended Complaint are directed at "Claimant." (Doc. No. 8 at 3). Claimant is a defined term in the Amended Complaint referring to a "Qualified Bank Representative." (<u>Id.</u>). CTIC states that it is not authorized to act as a bank or financial institution and did not act as a bank or financial institution or as the representative for a bank or financial institution in connection with the matters at issue in the Amended Complaint. (<u>Id.</u>).

CTIC states that its role in this transaction was limited to being the original named trustee on a deed of trust from Kim Narog to LaSalle Bank National Association (a role which ceased on March 30, 2010 by virtue of the recordation of a Substitution of Trustee) and issuing policies of title insurance in connection with Narog's purchase of the property and the loan from LaSalle Bank National Association. (<u>Id.</u> at 2-3). CTIC contends that the Amended Complaint contains no allegations regarding any acts, conduct or omissions of CTIC as trustee or any allegations related to the issuance of title insurance. (<u>Id.</u>). The Court agrees and Chicago Title Insurance Company's Rule 12(b)(6) Motion To Dismiss, (Doc. No. 8), is **GRANTED**.

    B.    <u>Federal National Mortgage Association, Bank of America, N.A., BAC Home Loans Servicing, LP and LaSalle Bank, N.A.'s Motion To Strike And Motion To Dismiss</u>

Defendants Federal National Mortgage Association, Bank of America, N.A., BAC Home Loans Servicing, LP, and LaSalle Bank N.A. (the "Bank Defendants") argue in their Motion To Strike And Motion To Dismiss, (Doc. No. 12), that the Amended Complaint fails to state a claim

4

upon which relief may be granted, and fails to set forth a plain statement of the claim showing entitlement to relief. (Doc. No. 12 at 2).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Twombly, 550 U.S. at 545 (internal quotation and citation omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

Id. The Bank Defendants argue that Plaintiffs fail to state a claim against them for any of the causes of action cited in the caption of their Amended Complaint, as Plaintiffs' bare and conclusory statements fail to state any plausible claim. (Doc. No. 13 at 3). As the Bank Defendants note, all except the first two paragraphs of the Amended Complaint set forth various discovery requests, which take the form of requests for production of documents, questions akin to interrogatories, true/false questions, and a lengthy definitions section relating to the document requests and interrogatory type questions. (Id. at 5).

Plaintiff's Amended Complaint fails to allege a single cause of action against the Bank Defendants. More importantly, as the Bank Defendants note, there is not a single factual allegation directed at them contained anywhere in the Amended Complaint. (Id.). Therefore, the Bank Defendants' Motion To Strike And Motion To Dismiss, (Doc. No. 12), is **GRANTED**.

5

C.  David T. Simpson, Carroll Management Group and Midland Loan Service

Plaintiffs filed their Complaint on September 2, 2011. (Doc. No. 1). The case docket reflects that a summons was issued by the Clerk of Court on September 2, 2011 for service of the Complaint on Defendant Midland Loan Service, (Doc. No. 2), and on October 12, 2011 for service on Carroll Management Group and David T. Simpson, (Doc. No. 6). However, the docket contains neither (1) a return of summons or proof of service of the Complaint on Defendant nor (2) an executed waiver of service by Defendant. Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiffs had until January 3, 2012 to serve their Complaint on all defendants. The time has now expired. **Plaintiffs are hereby warned that if they do not serve their Complaint on the remaining defendants within fourteen (14) days, their case will be DISMISSED without prejudice.**

D.  Contact Information

Finally, as the Magistrate Judge noted in his M&R, (Doc. No. 18 at 2), Plaintiffs have failed to keep the Court updated with appropriate contact information since September 22, 2011. The Clerk's Office has attempted, unsuccessfully, to send copies of filings to Plaintiffs at the address provided to the Court. Plaintiffs are **ORDERED** to provide the Court with updated contact information within fourteen (14) days of the entry of this Order. **Failure to do so will result in the dismissal of all of Plaintiffs' claims against all remaining defendants.**

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Chicago Title Insurance Company's "Rule 12(b)(6) Motion To Dismiss," (Doc. No. 8), is **GRANTED**;

2. Defendants Federal National Mortgage Association, Bank of America, N.A., BAC Home Loans Servicing, LP, and LaSalle Bank N.A.'s "Motion To Strike And Motion To Dismiss," (Doc. No. 12), is **GRANTED**;

3. Plaintiffs are warned that if they do not serve their Complaint on the remaining defendants within fourteen (14) days, their case will be DISMISSED without prejudice; and

4. Plaintiffs are **ORDERED** to provide the Court with updated contact information within fourteen (14) days of the entry of this Order. **Failure to do so will result in the dismissal of all of Plaintiffs' claims against all remaining defendants.**

Signed: January 17, 2012

Robert J. Conrad, Jr.
Chief United States District Judge